IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BRANDON L. FAKE, et al., :
    Plaintiff : No. 1:17-cv-02242
:
v. :
: (Judge Kane)
: (Chief Magistrate Judge Schwab)
COMMONWEALTH OF :
PENNSYLVANIA, et al., :
    Defendants :

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Before the Court is the March 22, 2018 Report and Recommendation of Chief Magistrate Judge Schwab (Doc. No. 13), recommending that this Court grant Defendants' motion to dismiss[1] (Doc. No. 5), Plaintiffs' amended complaint[2] (Doc. No. 3), pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(2), and deny Plaintiffs' pending motion for a preliminary injunction and temporary restraining order (Doc. No. 10).

In her 57-page Report and Recommendation, Chief Magistrate Judge Schwab finds that: the Eleventh Amendment bars Plaintiffs' 42 U.S.C. § 1983 claims against the Commonwealth of Pennsylvania, the Philadelphia Court of Common Pleas, and the claims asserted against Judge Murphy, Judge Thompson, and Chief Counsel Graci in their official capacities (Doc. No. 13 at 16-20); the Federal Courts Improvement Act of 1996 bars Plaintiffs' claims for injunctive relief against the Defendant-Judges (id. at 43-44); the doctrine of judicial immunity bars the claims for damages against the Defendant-Judges (id. at 38-43); and the doctrine of prosecutorial immunity,

---

[1] The Defendants named in this action are the Commonwealth of Pennsylvania, the Philadelphia Court of Common Pleas, the Honorable Margaret T. Murphy ("Judge Murphy"), the Honorable Diane R. Thompson ("Judge Thompson"), and Chief Counsel for the Judicial Conduct Board of Pennsylvania Robert A. Graci ("Chief Counsel Graci").

[2] Plaintiff Brandon L. Fake has brought this action on behalf of himself and his minor children, C. Fake and B. Fake.

1

or alternatively, the doctrine of qualified immunity, bars the claims for damages against Defendant Robert A. Graci (id. at 44-51).[3] Chief Magistrate Judge Schwab also finds that the amended complaint fails to state a claim for relief under 42 U.S.C. §§ 1985(2) and (3), 42 U.S.C. § 1986, 18 U.S.C. § 2382, 18 U.S.C. § 1031, and 31 U.S.C. § 3729. (Id. at 51-53.) As a final matter, Chief Magistrate Judge Schwab makes a futility finding and recommends on that basis that the Court deny Plaintiffs further leave to amend their operative pleading. (Id. at 57.)

Plaintiffs have filed objections to the Report and Recommendation.[4] (Doc. No. 14.) While not a model of clarity, it appears from this filing that Plaintiffs challenge the timeliness of Defendants' motion to dismiss and accuse Chief Magistrate Judge Schwab of creating "a double standard for Defendant judges who have willfully violated the United States Constitution and have violated valid State and Federal statutes under color of law in their discriminatory actions against Plaintiffs." (Id. at 4.) Much of the briefing in connection with their objections, however, is devoted to restating arguments considered by Chief Magistrate Judge Schwab in her Report and Recommendation. Having reviewed Plaintiffs' objections in conjunction with the Report and Recommendation, the Court is persuaded by Chief Magistrate Judge Schwab's sound reasoning supporting her findings and recommendations, and finds that Chief Magistrate Judge Schwab correctly and comprehensively resolved the substance of Plaintiffs' objections in the

---

[3] Further, Chief Magistrate Judge Schwab correctly notes that Plaintiff Brandon Fake cannot assert claims on behalf of his minor children (id. at 20-34), and that his claim for custody of his children is barred under Rooker-Feldman and its progeny (id. at 37).

[4] Appended to their objections, Plaintiffs attach a letter of consent to proceed in federal court addressed to Governor Tom Wolf (Doc. No. 14 at 22), a motion to reconsider Judge Diane R. Thompson's custody order of March 13, 2018 (Doc. No. 14-1 at 16), and a copy of an article authored by James Kelly entitled, "Parental Alienation and the long-term effects of hypercortisolism on children in custody decisions" (Doc. No. 14-1 at 8-29).

Report and Recommendation itself.[5] Thus, the Court will not write separately to address Plaintiffs' objections except where noted in the margin.[6]

Accordingly, on this 16th day of May 2018, upon independent review of the record and the applicable law, **IT IS ORDERED THAT**:

1. The Court **ADOPTS** the Report and Recommendation of Chief Magistrate Judge Schwab (Doc. No. 13);

2. Defendants' motion to dismiss (Doc. No. 5), is **GRANTED;**

3. Plaintiffs' amended complaint (Doc. No. 3), is **DISMISSED WITH PREJUDICE**;

4. Plaintiffs' motion for a preliminary injunction and temporary restraining order (Doc. No. 10), is **DENIED**;

5. Plaintiffs' motion to strike Defendants' motion to dismiss (Doc. No. 15), and motion to appoint counsel (Doc. No. 16), are **DENIED AS MOOT**; and

---

[5] The Magistrate Act, 28 U.S.C. § 636 et seq., and Rule 72(b) of the Federal Rules of Civil Procedure provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which an objection is made. 28 U.S.C. § 636(b)(1). The written objections must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." L.R. 72.3.

[6] As mentioned above, Plaintiffs contest the timeliness of Defendants' motion to dismiss. It appears that Plaintiffs argue that because Defendants did not file an answer to the amended complaint in accordance with Federal Rule of Civil Procedure 12(a)(1)(A)(i), their motion to dismiss is improper. (Doc. No. 14 at 3-4.) Insofar as Plaintiffs argue that Defendants were required to file an answer prior to filing a motion to dismiss, Plaintiffs misread the Rule. To clarify, while the Rule states that a defendant must serve a responsive pleading (i.e., an answer), within twenty-one days from the date of service of the summons and complaint, the Rule also lists certain defenses to a claim for relief and provides that those defenses, which include "lack of subject-matter jurisdiction" and "failure to state a claim upon which relief can be granted," may be asserted by a motion filed before the filing of an answer. Fed. R. Civ. P. 12(a)-(b). Thus, Defendants' pre-answer motion to dismiss under Federal Rules 12(b)(1) and (2) complies with the Rule. To the extent Plaintiffs argue that the motion to dismiss should be denied as untimely by virtue of Defendants having filed their motion on January 17, 2018, twenty-two days from the date Plaintiffs filed their amended complaint on December 26, 2017, the Court can discern no prejudice to Plaintiffs resulting from Defendants' technical noncompliance with Rule 12(a).

3

6. The Clerk is directed to **CLOSE** this case.

                                        s/ Yvette Kane
                                        Yvette Kane, District Judge
                                        United States District Court
                                        Middle District of Pennsylvania